IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JILL RENEE OAKES,

    Plaintiff,

  v.

SECRETARY, UNITED STATES
DEPARTMENT OF VETERAN AFFAIRS;
PORTLAND VA MEDICAL CENTER;
VA OFFICE OF RESOLUTION
MANAGEMENT; ALICE AVOLIO;
DEREK THIESSEN; DIRECTOR OF
PORTLAND VA MEDICAL CENTER;

    Defendants.

No. 3:14-cv-1321-HZ

OPINION & ORDER

Jill Renee Oakes
1800 Evergreen St., #7
Walla Walla, WA 99362

  Pro se Plaintiff

Jared Hager
U.S. Attorney's Office
District of Oregon, Civil Division
1000 SW 3rd Ave., Suite 600
Portland, OR 97204

  Attorney for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiff Jill Renee Oakes brings this action against Defendants Secretary of the United States Department of Veterans Affairs, Portland Veterans Affairs Medical Center, VA Office of Resolution Management, Alice Avolio, Derek Thiessen, and Director of Portland Veterans Affairs Medical Center. Plaintiff alleges that Defendants engaged in sexual harassment, retaliation, and negligence. Defendants move to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the Court grants Defendants' motion.

## BACKGROUND

Before the Court is Plaintiff's second federal lawsuit arising from her work as a Medical Support Assistant at the Portland Veterans Affairs Medical Center ("Portland VAMC" or "VA") under an "excepted appointment"[1] from March 16, 2008 to April 16, 2009. See Oakes v. Sec'y, U.S. Dep't of Veteran's Affairs, No. 3:11-CV-00671-HZ, 2012 WL 4508000, at *1 (D. Or. Sept. 28, 2012). Toward the end of Plaintiff's excepted appointment, she applied for two full-time permanent positions with the VA but was not selected for either. Id.

Plaintiff filed two Equal Employment Opportunity (EEO) complaints in connection with her non-selection for a permanent position. In February 2009, Plaintiff filed her first EEO complaint, alleging that she was discriminated against on the basis of disability when she was not awarded a permanent position. Hager Decl. Ex. 3. While Plaintiff's first complaint was pending, she filed a second EEO complaint in July 2009, alleging that she was not selected for a

---

[1] Plaintiff's excepted appointment meant that her position was temporary and not to exceed 13 months. Oakes v. Sec'y, U.S. Dep't of Veteran's Affairs, No. 3:11-CV-00671-HZ, 2012 WL 4508000, at *1 (D. Or. Sept. 28, 2012).

2 – OPINION & ORDER

permanent position because of her disability or in retaliation for her first EEO complaint. Hager Decl. Ex. 5. In addition, Plaintiff alleged that her supervisor, Alice Avolio, discriminated against, retaliated against, and harassed Plaintiff by being verbally abusive, refusing to write a letter of reference, and providing a poor reference. Id. Both of Plaintiff's EEO complaints resulted in final agency decisions finding no discrimination and no evidence to substantiate Plaintiff's allegations. Hager Decl. Ex. 4.

During the investigation of Plaintiff's first complaint, an EEO investigator took a telephonic affidavit of Plaintiff in which Plaintiff referred to alleged conduct by a VA janitor, Derek Thiessen. Hager Decl. Ex. 6, p. 7. Plaintiff was asked whether her disability ever hampered her performance at the VA and she responded that her post-traumatic stress disorder (which formed part of the basis of her allegation of disability) was exacerbated when Mr. Thiessen sexually harassed her. Id. at 7-8. Plaintiff stated that she reported Mr. Thiessen's conduct to her manager, Alice Avolio, but she did not file a sexual harassment complaint against Mr. Thiessen because she was "under the impression that [the situation] was being worked on" by Ms. Avolio. Id. at 8-9.

When Plaintiff appealed the denial of her second EEO complaint, she asserted for the first time a sexual harassment claim based on Mr. Thiessen's alleged conduct. Hager Decl. Ex. 7, p. 3. On March 14, 2011, the Equal Employment Opportunity Commission (EEOC) affirmed the agency's decision finding no discrimination behind Plaintiff's failure to obtain permanent employment. Id. at 4, 8. As to Plaintiff's allegation of sexual harassment, the EEOC decision stated:

> [W]e note that in her appeal, Complainant raised for the first time an allegation concerning incidents of sexual harassment. That issue is not before us now, and Complainant is advised to contact an EEO Counselor with regard to that allegation, if Complainant wishes to pursue it further.

3 – OPINION & ORDER

Id. at 3. Plaintiff did not contact an EEO counselor about the sexual harassment allegations.

Instead, Plaintiff filed a complaint in this Court on June 1, 2011. She alleged retaliation and disability discrimination based on her failure to be selected for a permanent position, sexual harassment by Mr. Thiessen, hostile work environment based on Ms. Avolio's conduct, and negligence. In a September 28, 2012 Opinion, this Court granted the defendants' motion to dismiss or in the alternative, motion for summary judgment. Oakes, 2012 WL 4508000. This Court found that Plaintiff's retaliation claim failed because there was no causal link between Plaintiff's EEO activity and her non-selection for a permanent job. Plaintiff's disability discrimination claim failed because there was no genuine issue of material fact as to whether the selection officials chose not to hire her because she was disabled. Plaintiff's hostile work environment claim failed because there was no genuine issue of material fact as to whether the defendants' alleged conduct created an objectively hostile or abusive work environment. Id. at *7-10. Finally, this Court dismissed Plaintiff's sexual harassment and negligence[2] claims because Plaintiff failed to exhaust administrative remedies. Id. at *10-11.

On November 15, 2012, Plaintiff brought her claim regarding Mr. Thiessen's alleged sexual harassment to an EEO counselor for the first time, by filing another complaint of employment discrimination. Hager Decl. Ex. 8. Because Plaintiff was far outside the time limit requiring a party to file a complaint within 45 days of the conduct complained of, Plaintiff filled out a "Timeliness Statement" in which she attempted to justify not contacting an EEO counselor sooner. Hager Decl. Ex. 9. Plaintiff indicated that she had received training in the EEO Complaint Process and had participated in the EEO process before. Id. However, Plaintiff wrote

---

[2] The Court also dismissed Plaintiff's negligence claim because it was only supported by a one-word allegation in her complaint stating "negligence." Oakes, 2012 WL 4508000 at *11.

4 – OPINION & ORDER

that she "really [didn't] remember [her] orientation due to nerves and ex[c]itement." Id. at 1. Plaintiff explained that her complaint was untimely due to a series of interactions with her manager, Ms. Avolio, and other supervisors and EEO counselors, who gave her wrong information or who erroneously told her they would report her complaint for her. Id. at 2-6. Specifically, Plaintiff alleged that her sexual harassment complaints "sat in the office[s]" of Alice Avolio, Mel Metosky, "former HR chief who I mediated with"; Trent Stewart, Portland VAMC EEO office; and the Director of Portland VAMC. Id. at 5.

On January 29, 2013, the VA issued a final decision dismissing Plaintiff's complaint because she failed to contact an EEO counselor within 45 days of the alleged discriminatory act. Hager Decl. Ex. 2, p. 3. The decision noted that "the harassment complaint was filed over a thousand days past the 45 day deadline without adequate reason." Id. The EEOC rejected Plaintiff's explanation that she filed her complaint so late because she was under the impression that her supervisor or human resources and EEO employees would handle the complaint. Id. Plaintiff requested reconsideration of the EEOC's opinion. Compl. Ex. 1. The EEOC denied Plaintiff's request and issued her a letter informing her of her right to file a civil action. Id.

On August 18, 2014, Plaintiff filed the present lawsuit. Plaintiff's allegations repeat those raised in her last federal complaint and in her most recent EEO complaint. Specifically, she alleges sexual harassment based on Mr. Thiessen's conduct, negligence based on the VA's actual or constructive knowledge of the sexual harassment and failure to stop it, retaliation based on her termination after engaging in protected EEO activity, and hostile work environment based on Ms. Avolio's refusal to provide a written reference. In addition, Plaintiff filed a "Motion for Amendment" where she added allegations of negligence on the part of the VA. Pl.'s Mot.

5 – OPINION & ORDER

Amend. Plaintiff seeks "full reinstatement plus financial compensation" and a written reference. Compl. 5.

## STANDARDS

### I.     Motion to Dismiss—Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the

6 – OPINION & ORDER

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" Id. at 679.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations omitted).

## II.     Motion to Dismiss—Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) tests the subject-matter jurisdiction of the court. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." Id. "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Where a defendant raises a factual challenge to federal jurisdiction, as here, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted).

## III.    Summary Judgment—Rule 56

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the

7 – OPINION & ORDER

absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing Celotex, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

**I.  Issue Preclusion**

This Court previously considered and dismissed with prejudice several of the allegations Plaintiff repeats in this action. See Oakes v. Sec'y, U.S. Dep't of Veteran's Affairs, No. 3:11-CV-00671-HZ, 2012 WL 4508000, at *1 (D. Or. Sept. 28, 2012). Plaintiff is precluded from raising those allegations again.

As the United States Supreme Court recently reiterated, "[o]nce a court has decided an issue, it is 'forever settled as between the parties[.]'" B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1302-03, 191 L. Ed. 2d 222 (2015) (quoting Baldwin v. Iowa State Traveling Men's Assn., 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54, 99 S. Ct. 970, 973-74, 59 L. Ed. 2d 210 (1979). The general rule is that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." B&B Hardware, Inc., 135 S. Ct. at 1302-03 (quoting Restatement (Second) of Judgments § 27, p. 250 (1980)). A district court may consider the affirmative defense of issue preclusion on a Rule 12(b)(6) motion to dismiss. Fairbank v. Underwood, 986 F. Supp. 2d 1222, 1231 n.5 (D. Or. 2013).

Plaintiff already litigated her allegations that she was not selected for a permanent position in retaliation for her EEO activity or her disability, and her allegations that the VA, in general, and Ms. Avolio, in particular, created a hostile work environment. Oakes, 2012 WL 4508000. This Court already entered a valid and final judgment, dismissing Plaintiff's claims with prejudice. Plaintiff does not argue, and this Court does not find, that any exception to the general rule of issue preclusion applies in this case. Accordingly, Plaintiff is precluded from raising these issues again.

9 – OPINION & ORDER

## II.   Failure to Exhaust Administrative Remedies

    a. Sexual Harassment Claim

Plaintiff's previous case before this Court raised the same allegations of sexual harassment that Plaintiff repeats in the present complaint. Specifically, Plaintiff alleged that Mr. Thiessen sexually harassed her while the VA and Ms. Avolio failed to prevent or respond to the harassment. In the present complaint, Plaintiff adds allegations that other employees, such as the VA Chief and "all charge nurses" knew or should have known about the sexual harassment and that the VAMC failed to follow its own sexual harassment policy. Compl. 3; Pl.'s Mot. Amend 2.

In order to bring a claim of sexual harassment under Title VII, a "plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002) (citing 42 U.S.C. § 2000e–5(b)). In Plaintiff's first case before this Court, Plaintiff's sexual harassment claims were dismissed because Plaintiff failed to exhaust her administrative remedies by filing a timely charge with the EEOC. This Court rejected Plaintiff's argument that her failure to exhaust her claims was excusable because she erroneously assumed that Ms. Avolio would file a formal sexual harassment complaint on her behalf. Oakes, 2012 WL 4508000, at *11 ("Plaintiff's erroneous assumption that Avolio was supposed to file a "formal sexual harassment complaint for [her]" by itself is insufficient to remedy Plaintiff's failure to exhaust administrative remedies.").

After this Court dismissed Plaintiff's prior case in September of 2012, Plaintiff filed a formal discrimination complaint with the VA regarding the alleged sexual harassment. Hager Decl. Ex. 2, p. 1. On January 29, 2013, the agency issued a final decision dismissing Plaintiff's

complaint for failure to comply with regulatory time limits. Id. at 3. The decision letter explained:

> [T]he harassment complaint was filed over a thousand days past the 45 day deadline without adequate reason despite your having received [EEO] training on 3 separate occasions within 18 months and having filed 4 previous EEO actions since 2009. To reiterate, you stated you did not meet the deadline because you did not remember your orientation due to nerves and excitement but that you did make your complaint known to your supervisor, the former facility HR Chief, the facility EEO Liason officer and the director of the facility. In this case, contact with these parties does not satisfy the EEO requirement to contact an EEO *counselor* within 45 days. With regard to your harassment claim therefore, we have determined that the reasons you provide in explanation of your untimeliness do not rise to the level akin to circumstances being beyond your control.

Id. (emphasis in original).

Plaintiff does not dispute the VA's findings that she failed to comply with the regulatory time period to raise her sexual harassment claims. Instead, she repeats the argument she made previously to this Court that she should be excused from the timely filing requirement because she was under the impression that Ms. Avolio and other VAMC employees would handle her complaint. This Court previously rejected Plaintiff's excuse and does so again in this Opinion. As the VA final decision explained, Plaintiff had received EEO training and had experience filing EEO actions. Furthermore, even if Plaintiff was initially unaware of the need to contact an EEO counselor regarding her sexual harassment claims, she was made aware by the EEOC on March 2, 2011 and this Court on September 28, 2012. Plaintiff failed to contact an EEO counselor within 45 days of either of those rulings.

Summary judgment on the issue of exhaustion is appropriate where there are no disputed questions of material fact. Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir.) cert. denied sub nom. Scott v. Albino, 135 S. Ct. 403, 190 L. Ed. 2d 307 (2014). This is such a case. Accordingly, the Court grants summary judgment to Defendants on Plaintiff's sexual harassment claim because Plaintiff failed to exhaust her administrative remedies.

11 – OPINION & ORDER

b.  Negligence Claim

"The doctrine of sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts." Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1087 (9th Cir. 2007) (citation omitted). The Supreme Court has frequently held "that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Id. (quoting Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999)). The Federal Tort Claims Act (FTCA) sets out the limited circumstances in which the government waives its sovereign immunity for tort suits:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Federal regulations dictate that a tort claim is deemed to have been presented when: "a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident...." 28 C.F.R. § 14.2. The requirement to file an administrative claim is jurisdictional. Brady v. United States, 211 F.3d 499, 503 (9th Cir. 2000).

Once a moving party has converted a motion to dismiss for lack of subject matter jurisdiction into a factual motion by presenting affidavits or other evidence properly brought

12 – OPINION & ORDER

before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

Defendants submit the affidavit of Michael D. Hughes, Assistant Regional Counsel with the Portland VA Regional Counsel's Office, to assert that Plaintiff never filed a Standard Form 95 or any other writing which makes a claim for damages against the VA pursuant to the Federal Tort Claims Act. Hughes Decl. 2. Plaintiff does not submit any evidence to refute Defendants' assertion. Instead, Plaintiff states, without any evidentiary support, that "all negligence claims has [sic] been written and submitted to the VA, ORM, EEOC as well as Federal Court lawsuit 6 years ago. Plaintiff has been algeging [sic] negligence since 2009 and has NEVER wavered." Pl.'s Mot. Amend 3.

The Court finds, based on the evidence, that Plaintiff did not exhaust her administrative remedies under the FTCA. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's negligence claims.[3] Therefore, the Court dismisses Plaintiff's negligence claims.[4]

///

///

---

[3] Because this Court lacks subject matter jurisdiction over Plaintiff's negligence claims due to her failure to exhaust administrative remedies, the Court declines to address Defendant's alternative argument that Plaintiff's negligence claims are preempted by Title VII.

[4] Furthermore, Plaintiff's negligence claims are time-barred because she brings them outside of the two year statute of limitations. See 28 U.S.C. § 2401 (b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."). The conduct underlying Plaintiff's claim occurred in 2008 and 2009, which places her August 18, 2014 filing of this complaint far outside of the two-year statute of limitations for tort claims against the United States.

13 – OPINION & ORDER

## CONCLUSION

The Court grants Defendants' Motion to Dismiss or in the Alternative for Summary Judgment [63]. Accordingly, this case is DISMISSED with prejudice. Pending motions, if any, are dismissed as moot.

IT IS SO ORDERED.

Dated this __28__ day of __October__, 2015.

_/s/ Marco Hernández_
MARCO A. HERNÁNDEZ
United States District Judge

14 – OPINION & ORDER